# In The United States Court of Federal Claims

| | | |
|---|---|---|
| L-3 COMMUNICATIONS CORP., Plaintiff, v. U.S. DEPARTMENT OF THE INTERIOR, Defendant. | ) | No. 06-431<br>Judge Allegra<br>BID PROTEST |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO INTERVENE**

Pursuant to Rules 24(a) and 7(b) of the Rules of the United States Court of Federal Claims ("RCFC"), Lockheed Martin Services, Inc. ("Lockheed Martin"), through undersigned counsel, respectfully submits this Memorandum of Points and Authorities in Support of its Motion to Intervene in the above-captioned case. As set forth below, Lockheed Martin is entitled to intervene as a matter of right under RCFC 24(a)(2).

**STATEMENT OF FACTS**

Defendant, United States Department of Interior, acting through GovWorks and on behalf of the United States Department of the Air Force ("Air Force"), issued Request for Proposals ("RFP") No. 60246 to procure Joint Terminal Attack Controller Training and Rehearsal System ("JTAC TRS") Engineering and Design Support. On or about March 22, 2006, GovWorks made an award under the RFP to Lockheed Martin. Compl. ¶ 31. In this post-award protest, filed May 31, 2006, Plaintiff L-3 Communications Corp. ("L-3") challenges the award of the contract to Lockheed Martin. In its prayer for relief, L-3 has requested that this Court:

1) "enjoin[ ] GovWorks from permitting Lockheed Martin to begin or continue performance under the contract", and 2) "declar[e] that the award of the contract to Lockheed Martin was improper and direct[ ] that award should be made to L-3". Compl. at 15.

## ARGUMENT

Lockheed Martin is entitled to intervene in this case as a matter of right under RCFC 24(a), which provides as follows:

> Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

The Federal Circuit has stated that "the requirements for intervention are to be construed in favor of intervention." *Am. Mar. Transp., Inc.*, 870 F.2d 1559, 1561 (Fed. Cir. 1989); *Am. Renovation & Constr. Co. v. United States*, 65 Fed. Cl. 254, 257 (2005). Additionally, this Court has routinely granted motions to intervene by awardees in post-award bid protests. *See e.g.*, *RISC Mgmt. Joint Venture v. United States*, 69 Fed. Cl. 624, 626 n.2 (2006); *Ryder Move Mgmt., Inc. v. United States*, 48 Fed. Cl. 380, 382 (2001); *The Ryan Co. v. United States*, 43 Fed. Cl. 646, 650 (1999); *GraphicData, LLC v. United States*, 37 Fed. Cl. 771, 777 (1997).

Lockheed Martin's motion is timely, as the protest was filed on May 31, 2006. Lockheed Martin also satisfies the other requirements of RCFC 24(a)(2). As the awardee of the contract alleged to have been improperly awarded, Lockheed Martin has a direct, substantial, and "legally protectable interest" in the procurement. *Am. Mar. Transp., Inc.*, 870 F.2d at 1561. Additionally, because L-3 is seeking to enjoin Lockheed Martin's performance of the JTAC TRS Engineering

and Design Support contract, "the disposition of the action may as a practical matter impair" Lockheed Martin's interest in performing its contract. See RCFC 24(a)(2).

Finally, Lockheed Martin's interests are not adequately protected by the United States. RCFC 24(a)(2). As the procuring agency, the Department of Interior, acting through GovWorks, owes an equal duty to all offerors. Its interests are broader than, and potentially distinct from, Lockheed Martin's interest in protecting its right to perform the JTAC TRS Engineering and Design Support contract. Furthermore, absent intervention, Lockheed Martin is unable to adequately protect its proprietary information and its business reputation.

## CONCLUSION

For the reasons set forth above, Lockheed Martin's Motion to Intervene should be granted.

Respectfully submitted,

/s/ Allison D. Pugsley
Allison D. Pugsley
Hogan & Hartson
555 Thirteenth Street, NW
Washington, D.C. 20004
202-637-6817
202-637-5910 (fax)
ADPugsley@HHLaw.com

Of Counsel:

Michael F. Mason
Hogan & Hartson
555 Thirteenth Street, NW
Washington, D.C. 20004
202-637-5499
202-637-5910 (fax)
MFMason@HHLaw.com

Dated: June 1, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that on June 1, 2006, a copy of the foregoing Motion to Intervene and Memorandum of Points and Authorities in Support of Motion to Intervene was filed electronically. Service in electronic cases is effected through the Court's electronic filing system.

/s/ Allison D. Pugsley
Allison D. Pugsley