# Appendix Table of Contents


| | Page |
|---|---|
| **Exhibit 1**<br>9 September 1999 letter from E. Barrett Prettyman, Jr., Hogan & Hartson, to Nicholas Costanza, Titan Corporation | 1 |
| **Exhibit 2**<br>L-3 Communications Corporation Press Release, "L-3 Communications Completes Acquisition of the Titan Corporation; Completes Related Debt Offerings and Tender Offer" (29 July 2005) | 6 |
| **Exhibit 3**<br>L-3 Communications Form S-4 Registration Statement (filed with Securities and Exchange Commission on 23 November 2005) | 9 |
| **Exhibit 4**<br>5 June 2006 letter from Mark E. Mazo, Hogan & Hartson, to Cheryl Barr, L-3 Communications Titan Corporation | 15 |

# EXHIBIT 1

69077

# HOGAN & HARTSON L.L.P.

E. BARRETT PRETTYMAN, JR.
PARTNER
DIRECT DIAL (202) 637-5665

COLUMBIA SQUARE
555 THIRTEENTH STREET, NW
WASHINGTON, DC 20004-1109
TEL (202) 637-5600
FAX (202) 637-5910

September 9, 1999

Nicholas Costanza, Esq.
General Counsel
Titan Corporation
3033 Science Park Road
San Diego, CA 92121

Dear Nick:

We are pleased that Titan Corporation has engaged Hogan & Hartson L.L.P. ("Hogan & Hartson") to represent the company in connection with certain legal matters as they arise.

This letter is intended to formalize our retention, as required by applicable Rules of Professional Conduct. It sets forth how we propose to staff the matters (depending upon which area they are in), describes the billing arrangement, and addresses certain conflict of interest understandings.

I will have primary responsibility for assigning matters as they come in, with assistance primarily from Mark Mazo, Peter Romeo, Bill Neff, Steve Kaufman, Jan McDavid, and others.

We will provide our services on an hourly basis at our standard rates for attorneys' and other professionals' time, which rates are periodically revised. The rates at present for me, Mark, Peter, Bill, Steve, and Jan are $425, $450, $425, $360, $330, and $375, respectively.

We will bill you monthly for legal services and other charges (other charges being billed in accordance with the attached schedule), and will provide you with a detailed description of those services and charges. Payment will be due within 30 days of your receipt of our statement. If major third-party charges are incurred in connection with the representation, such as printing bills, filing fees, court reporting fees, and expert witness fees, our normal practice is to forward such statements directly to you for payment.



BRUSSELS LONDON MOSCOW PARIS* PRAGUE WARSAW
BALTIMORE, MD BETHESDA, MD COLORADO SPRINGS, CO DENVER, CO McLEAN, VA
*Affiliated Office

We will waive our standard practice and not require an advance retainer.

Hogan & Hartson is a large law firm with multiple offices both in the United States and abroad. We may currently or in the future represent one or more other clients involved in transactions or having other contacts with Titan Corporation and/or its affiliates. For example, we may represent other clients in commercial transactions (including, for example, preparation and negotiation of agreements, licenses, leases, loans, securities offerings or underwritings, or other transactions involving Titan Corporation on behalf of other clients where we do not represent Titan Corporation on the same matter), legislative/policy matters, or administrative proceedings that may involve or affect Titan Corporation and/or its affiliates. We understand that Titan Corporation consents to the firm's current and future representation of any such other clients without the need for any further consents from Titan Corporation, as long as there is no direct conflict of interest. We understand that no such direct conflict would exist where the representation of another client is not substantially and adversely related to the matters the firm is handling for Titan Corporation, or where the firm's representation of either Titan Corporation or another client involves legislative issues, policy issues, or administrative proceedings unrelated to the representation of the other. We do not view this advance consent to permit unauthorized disclosure or use of any client confidences.

This will confirm our understanding that Titan Corporation is our client for specific matters on which it engages us, and we shall not be deemed to represent its affiliates unless Titan Corporation advises us that such entities are directly involved in or affected by our representation of Titan Corporation.

Please note that, under certain circumstances, lawyers who lobby officials of the executive or legislative branches or federal agencies must publicly disclose such activities under the Lobbying Disclosure Act of 1995. If our activities on behalf of Titan Corporation trigger the Act's registration and reporting requirements, we will have to file reports, which will be made available to the public, disclosing our representation of Titan Corporation, the general nature of our

Nicholas Costanza
General Counsel
September 9, 1999
Page 3

"lobbying" activities on behalf of Titan Corporation, and the firm's income from such activities. We will bill Titan Corporation for any time spent complying with the Act's requirements in connection with matters handled for Titan Corporation.

If this correctly reflects our understanding, please sign, date, and return to me the enclosed copy of this letter. If you have any questions regarding any aspects of our representation, please call me.

We look forward to working with you and to developing a more extensive relationship with you and Titan Corporation.

Sincerely yours,

E. Barrett Prettyman, Jr.

Enclosures

Titan Corporation

By ______________________
Nicholas Costanza

Date 9/ /99

\\\DC - 70020/300 - #941927 v1

## STANDARD SCHEDULE OF OTHER CHARGES

Other charges incurred in connection with this representation will be billed on the following basis until further notice: secretarial overtime resulting from time-sensitive or unusual requests from clients at $32/hour, other staff at $20/hour; outgoing facsimiles at discounted AT&T Direct Dial Long Distance rates (described below) plus $1.50 per page; in-house photocopying at $0.20/page; Word Processing at $25/hour for operators and $35/hour for proofreaders; $1.80 binding charges for letter-size documents and $2.10 for legal-size documents; and long distance charged at approximately 56% of standard AT&T Direct Dial Long Distance rates based on negotiated volume discount. The following items are billed at actual cost: computerized research, Federal Express and other overnight delivery services, postage, outside messengers, outside photocopies, transcripts, food services, and all additional charges.

# EXHIBIT 2

July 29, 2005 02:44 PM US Eastern Timezone

# L-3 Communications Completes Acquisition of the Titan Corporation; Completes Related Debt Offerings and Tender Offer

NEW YORK--(BUSINESS WIRE)--July 29, 2005--L-3 Communications (NYSE: LLL) announced that it has completed its acquisition of The Titan Corporation (NYSE: TTN). The company has been renamed L-3 Communications Titan Corporation.

Headquartered in San Diego, California, L-3 Titan is a leading provider of high-end technical support and products for comprehensive national security solutions. These include information and communications systems solutions to the Department of Defense (DoD), intelligence agencies, the Department of Homeland Security (DHS) and other United States federal government customers. Titan also offers services, systems and products for Command, Control, Communications, Intelligence, Surveillance and Reconnaissance (C3ISR), enterprise information technology and homeland security programs.

L-3 also announced today that in connection with the closing of the Titan acquisition, it completed offerings of $1.0 billion in aggregate principal amount of 6 3/8% Senior Subordinated Notes due 2015 (the "Notes") and $600.0 million in aggregate principal amount of 3.00% Convertible Contingent Debt Securities ("CODES ") due 2035. Both the Notes and CODES were offered within the United States only to qualified institutional buyers pursuant to Rule 144A under the Securities Act of 1933, as amended (the "Securities Act"). The Notes were also offered outside the United States to non-U.S. investors. L-3 has also granted to the initial purchasers an option to purchase up to an additional $100.0 million of CODES for a thirteen-day period following today.

L-3 also announced today that its previously announced cash tender offer and consent solicitation for any and all of Titan's outstanding 8% Senior Subordinated Notes due 2011 (the "Titan Notes") expired at 12:01 a.m., New York City time, today. In connection with the tender offer and consent solicitation, L-3 has received and accepted for purchase valid tenders and consents from holders of approximately $199,945,000 aggregate principal amount (representing approximately 99.97%) of the outstanding Titan Notes.

Lehman Brothers Inc. is the Dealer Manager and Solicitation Agent for the tender offer and the consent solicitation. The depositary and information agent is Georgeson Shareholder.

The Notes, the CODES and the common stock issuable upon conversion of the CODES have not been registered under the Securities Act or any state securities laws and, unless so registered, may not be offered or sold in the United States except pursuant to an exemption from, or in a transaction not subject to, the registration requirements of the Securities Act and applicable state securities laws. This press release does not constitute an offer to sell or the solicitation of an offer to buy any security and shall not constitute an offer, solicitation or sale in any jurisdiction in which such offering would be unlawful.

Headquartered in New York City, L-3 Communications is a leading provider of Intelligence, Surveillance and Reconnaissance (ISR) systems, secure communications systems, aircraft modernization, training and government services and is a merchant supplier of a broad array of high technology products. Its customers include the Department of Defense, Department of Homeland Security, selected U.S. Government intelligence agencies and aerospace prime contractors.

To learn more about L-3 Communications, please visit the company's web site at www.L-3Com.com.

SAFE HARBOR STATEMENT UNDER THE PRIVATE SECURITIES LITIGATION REFORM ACT OF 1995

Except for historical information contained herein, the matters set forth in this news release are forward-looking statements. The forward-looking statements set forth above involve a number of risks and uncertainties that could cause actual results to differ materially from any such statement, including the risks and uncertainties discussed in L-3's Safe Harbor Compliance Statement for Forward-looking Statements included in L-3's recent filings, including Forms 10-K and 10-Q, with the Securities and Exchange Commission. The forward-looking statements speak only as of the date made, and L-3 undertakes no obligation to update these forward-looking statements.

**Contacts**

L-3 Communications
Cynthia Swain, 212/697-1111
or
Financial Dynamics
Investors: Eric Boyriven, Olivia Pirovano

Media: Evan Goetz
212/850-5600

Business Wire

# EXHIBIT 3

As filed with the Securities and Exchange Commission on November 23, 2005

Registration Statement No. 333-

# SECURITIES AND EXCHANGE COMMISSION

**Washington, D.C. 20549**

# FORM S-4

## REGISTRATION STATEMENT
## UNDER
## THE SECURITIES ACT OF 1933

## L-3 COMMUNICATIONS CORPORATION

(Exact Name of Registrant as Specified in its Charter)

| | | |
|---|---|---|
| **Delaware** | **3663** | **13-3937436** |
| (State or Other Jurisdiction of Incorporation or Organization) | (Primary Standard Industrial Classification Code Number) | (I.R.S. Employer Identification Number) |

**600 Third Avenue**
**New York, New York 10016**
**(212) 697-1111**

(Address, Including Zip Code, and Telephone Number, Including Area Code, of Registrant's Principal Executive Offices)

**SEE TABLE OF ADDITIONAL REGISTRANTS**

**Christopher C. Cambria, Esq.**
**600 Third Avenue**
**New York, NY 10016**
**(212) 697-1111**

(Name, Address, Including Zip Code, and Telephone Number, Including Area Code, of Agent For Service)

*Copies to:*

**Vincent Pagano, Esq.**
**Avrohom J. Kess, Esq.**
**Simpson Thacher & Bartlett LLP**
**425 Lexington Avenue**
**New York, New York 10017-3954**
**(212) 455-2000**

**Approximate date of commencement of proposed sale to the public:** As soon as practicable after this Registration Statement becomes effective.

If the securities being registered on this Form are being offered in connection with the formation of a holding company and there is compliance with General Instruction G, check the following box. ☐

If this Form is filed to register additional securities for an offering pursuant to Rule 462(b) under the Securities Act, please check the following box and list the Securities Act registration statement number of the earlier effective registration statement for the same offering. ☐ ______________

If this Form is a post-effective amendment filed pursuant to Rule 462(d) under the Securities Act, check the following box and list the Securities Act registration statement number of the earlier effective registration statement for the same offering. ☐ ______________

## CALCULATION OF REGISTRATION FEE

| Title of Each Class of Securities to be Registered | Amount to be Registered | Proposed Maximum Offering Price Per Unit | Proposed Maximum Aggregate Offering Price(1) | Amount of Registration Fee |
|---|---|---|---|---|
| 6 3/8% Series B Senior Subordinated Notes due 2015 | $1,000,000,000 | 100 % | $ 1,000,000,000 | $ 117,700.00 |
| Guarantees of 6 3/8% Series B Senior Subordinated Notes due 2015 | (2) | (2) | (2) | None(2) |

(1) Estimated solely for purposes of calculating the registration fee.

(2) No separate consideration will be received for the guarantees. Pursuant to Rule 457(n) of the Securities Act of 1933, as amended, there is no filing fee with respect to the guarantees.

**The Registrants hereby amend this Registration Statement on such date or dates as may be necessary to delay its effective date until the Registrants shall file a further amendment which specifically states that this Registration Statement shall thereafter become effective in accordance with Section 8(a) of the Securities Act of 1933, as amended, or until this Registration Statement shall become effective on such date as the Securities and Exchange Commission, acting pursuant to said Section 8(a), may determine.**

## TABLE OF ADDITIONAL REGISTRANTS

| Exact Name of Registrant as Specified in Its Charter | State Or Other Jurisdiction Of Incorporation Or Organization | IRS Employer Identification Number | Address, Including Zip Code, and Telephone Number, including Area Code, of Registrant's Principal Executive Offices |
|---|---|---|---|
| Apcom, Inc. | Maryland | 52-1291447 | 600 Third Avenue<br>New York, NY 10016<br>(212) 697-1111 |
| Broadcast Sports Inc. | Delaware | 52-1977327 | 600 Third Avenue<br>New York, NY 10016<br>(212) 697-1111 |
| D.P. Associates Inc. | Virginia | 54-1389520 | 600 Third Avenue<br>New York, NY 10016<br>(212) 697-1111 |
| Electrodynamics, Inc. | Arizona | 36-3140903 | 600 Third Avenue<br>New York, NY 10016<br>(212) 697-1111 |
| Henschel Inc. | Delaware | 23-2554418 | 600 Third Avenue<br>New York, NY 10016<br>(212) 697-1111 |
| Hygienetics Environmental Services, Inc. | Delaware | 13-3992505 | 600 Third Avenue<br>New York, NY 10016<br>(212) 697-1111 |
| Intelligence Data Systems, Inc. | Virginia | 54-1867272 | 600 Third Avenue<br>New York, NY 10016<br>(212) 697-1111 |
| International Systems, LLC | California | 33-0700074 | 600 Third Avenue<br>New York, NY 10016<br>(212) 697-1111 |
| Interstate Electronics Corporation | California | 95-1912832 | 600 Third Avenue<br>New York, NY 10016<br>(212) 697-1111 |
| KDI Precision Products, Inc. | Delaware | 31-0740721 | 600 Third Avenue<br>New York, NY 10016<br>(212) 697-1111 |
| L-3 Communications Advanced Laser Systems Technology, Inc. | Florida | 59-2808669 | 600 Third Avenue<br>New York, NY 10016 |

| | | | |
|---|---|---|---|
| | | | New York, NY 10016<br>(212) 697-1111 |
| L-3 Communications Sonoma EO, Inc. | California | 68-0439616 | 600 Third Avenue<br>New York, NY 10016<br>(212) 697-1111 |
| L-3 Communications Titan Corporation | Delaware | 95-2588754 | 600 Third Avenue<br>New York, NY 10016<br>(212) 697-1111 |
| L-3 Communicatons Vector International Aviation LLC | Delaware | 42-1569647 | 600 Third Avenue<br>New York, NY 10016<br>(212) 697-1111 |
| L-3 Communications Vertex Aerospace LLC | Delaware | 64-0941176 | 600 Third Avenue<br>New York, NY 10016<br>(212) 697-1111 |
| L-3 Communications Westwood Corporation | Nevada | 87-0430944 | 600 Third Avenue<br>New York, NY 10016<br>(212) 697-1111 |
| Lincom Wireless, Inc. | Delaware | 95-4832760 | 600 Third Avenue<br>New York, NY 10016<br>(212) 697-1111 |
| MCTI Acquisition Corporation | Maryland | 13-4109777 | 600 Third Avenue<br>New York, NY 10016<br>(212) 697-1111 |
| Microdyne Communications Technologies Incorporated | Maryland | 59-3500774 | 600 Third Avenue<br>New York, NY 10016<br>(212) 697-1111 |

---

| Exact Name of Registrant as Specified in Its Charter | State Or Other Jurisdiction Of Incorporation Or Organization | IRS Employer Identification Number | Address, Including Zip Code, and Telephone Nnmber, including Area Code, of Registrant's Principal Executive Offices |
|---|---|---|---|
| Microdyne Corporation | Maryland | 52-0856493 | 600 Third Avenue<br>New York, NY 10016<br>(212) 697-1111 |
| Microdyne Outsourcing Incorporated | Maryland | 33-0797639 | 600 Third Avenue<br>New York, NY 10016<br>(212) 697-1111 |
| MPRI, Inc. | Delaware | 54-1439937 | 600 Third Avenue<br>New York, NY 10016<br>(212) 697-1111 |
| Pac Ord Inc. | Delaware | 23-2523436 | 600 Third Avenue<br>New York, NY 10016<br>(212) 697-1111 |
| Power Paragon, Inc. | Delaware | 33-0638510 | 600 Third Avenue<br>New York, NY 10016<br>(212) 697-1111 |
| ProCom Services, Inc. | California | 33-0427938 | 600 Third Avenue<br>New York, NY 10016<br>(212) 697-1111 |
| Shellco, Inc. | Delaware | 33-0931737 | 600 Third Avenue<br>New York, NY 10016<br>(212) 697-1111 |
| SPD Electrical Systems, Inc. | Delaware | 23-2457758 | 600 Third Avenue<br>New York, NY 10016<br>(212) 697-1111 |
| SPD Switchgear, Inc. | Delaware | 23-2510039 | 600 Third Avenue<br>New York, NY 10016<br>(212) 697-1111 |
| SYColeman Corporation | Florida | 59-2039476 | 600 Third Avenue<br>New York, NY 10016<br>(212) 697-1111 |
| Titan Facilities, Inc. | Virginia | 54-0918681 | 600 Third Avenue<br>New York, NY 10016<br>(212) 697-1111 |
| Titan Scan Technologies Corporation | Delaware | 33-0937905 | 600 Third Avenue<br>New York, NY 10016<br>(212) 697-1111 |
| Troll Technology Corporation | California | 95-4552257 | 600 Third Avenue<br>New York, NY 10016<br>(212) 697-1111 |

| | |
|---|---|
| | covenant contained in the registration rights agreement and, accordingly, there will be no increase in the interest rate on the outstanding notes under the circumstances described in the registration rights agreement. If you are a holder of outstanding notes and you do not tender your outstanding notes in the exchange offer, you will continue to hold such outstanding notes and you will be entitled to all the rights and limitations applicable to the outstanding notes in the indenture, except for any rights under the registration rights agreement that by their terms terminate upon the consummation of the exchange offer. |
| | To the extent that outstanding notes are tendered and accepted in the exchange offer, the trading market for outstanding notes could be adversely affected. |
| Consequences of Failure to Exchange | All untendered outstanding notes will continue to be subject to the restrictions on transfer provided for in the outstanding notes and in the indenture. In general, the outstanding notes may not be offered or sold, unless registered under the Securities Act, except pursuant to an exemption from, or in a transaction not subject to, the Securities Act and applicable state securities laws. Other than in connection with the exchange offer, we do not currently anticipate that we will register the outstanding notes under the Securities Act. |
| Certain Income Tax Considerations | The exchange of outstanding notes for exchange notes in the exchange offer will not be a taxable event for United States federal income tax purposes. See "United States Federal Tax Consequences of the Exchange Offer." |
| Use of Proceeds | We will not receive any cash proceeds from the issuance of exchange notes pursuant to the exchange offer. |
| Exchange Agent | The Bank of New York is the exchange agent for the exchange offer. The address and telephone number of the exchange agent are set forth in the section captioned "The Exchange Offer—Exchange Agent" of this prospectus. |



---

**Summary of Terms of the Exchange Notes**

| | |
|---|---|
| Issuer | L-3 Communications Corporation |
| Securities Offered | $1,000,000,000 in aggregate principal amount of 6 3/8% Series B Senior Subordinated Notes due 2015 |
| Maturity | October 15, 2015 |
| Interest Payment Dates | April 15 and October 15, beginning October 15, 2005. |
| Interest Rate | 6 3/8% per year |
| Ranking | The outstanding notes are, and the exchange notes will be, unsecured senior subordinated obligations of L-3 Communications. They rank behind all of our and the guarantors' current and future indebtedness (other than trade payables), except indebtedness that expressly provides that it |

is on parity with or subordinated in right of payment to these notes and the guarantees. As of September 30, 2005, these notes and the guarantees were:

- subordinated to approximately $750.0 million of senior debt (excluding $113.3 million of outstanding letters of credit); and
- ranked equally with $2,900.0 million of other senior subordinated debt.

As of September 30, 2005, L-3 Communications had the ability to borrow up to an additional $886.7 million (after reductions for outstanding letters of credit of $113.3 million) under its senior credit facility, all of which if borrowed or drawn upon would be senior debt. See "Description of the Notes—Subordination."

Subsidiary Guarantees

The outstanding notes are, and the exchange notes will be, jointly and severally guaranteed on a senior subordinated basis by certain of our current and future domestic restricted subsidiaries, including Titan and certain of its subsidiaries, as described under "Description of the Notes —Subsidiary Guarantees."

The guarantees of the outstanding notes are, and the guarantees of the exchange notes will be, subordinated in right of payment to all existing and future senior debt of the guarantors. The guarantees of the outstanding notes are, and the guarantees of the exchange notes will be, *pari passu* with other senior subordinated indebtedness of the guarantors, which includes (1) the 7 5/8% Senior Subordinated Notes due 2012, the 6 1/8% Senior Subordinated Notes due 2013, the 6 1/8% Senior Subordinated Notes due 2014 and the 5 7/8% Senior Subordinated Notes due 2015, in each case, issued by L-3 Communications and guaranteed by the guarantors, and



(2) the CODES issued by L-3 Holdings concurrently with the issuance of the outstanding notes, which are guaranteed by L-3 Communications and the other guarantors. Information relating to the guarantors is included in the notes to the audited and unaudited financial statements of L-3 included elsewhere in this prospectus.

As of September 30, 2005, we had $4,650.0 million in aggregate principal amount of indebtedness outstanding, of which approximately $750.0 million was senior debt. In addition, as of September 30, 2005, we had the ability to borrow up to an additional $886.7 million (after reductions for outstanding letters of credit of $113.3 million) under our senior credit facility, which if borrowed or drawn upon would be senior debt and would be guaranteed on a senior basis by the guarantors.

See "Description of the Notes—The Subsidiary Guarantees" and "—Subordination."

# EXHIBIT 4

# HOGAN & HARTSON
L.L.P.

MARK E. MAZO
PARTNER
(202) 637-5673
MEMAZO@HHLAW.COM

June 5, 2006

COLUMBIA SQUARE
555 THIRTEENTH STREET, NW
WASHINGTON, DC 20004-1109
TEL (202) 637-5600
FAX (202) 637-5910
WWW.HHLAW.COM

***VIA ELECTRONIC TRANSMISSION AND FEDERAL EXPRESS***

Cheryl Barr
Senior VP and General Counsel
L-3 Communications Titan Corporation
3033 Science Park Road
San Diego, CA 92121

Re: Notice of Withdrawal

Dear Cheryl:

Hogan &Hartson LLP has appreciated the opportunity to represent Titan Corporation (a/k/a L-3 Communications Titan Corporation) ("Titan") on many matters over the years. Unfortunately, during the past few days Titan's parent corporation, L-3 Communications Corp. ("L-3"), has repudiated Titan's September 9, 1999 engagement letter with Hogan & Hartson, making it impossible for us to continue to represent Titan. That engagement letter identified the client as solely Titan and contained advance waivers, all of which were pre-conditions to our representation. L-3's sudden and unilateral repudiation of all Titan agreements with us, including Titan's agreement in September 2003 to our continued and future representation of Lockheed Martin, makes further representation of Titan untenable under Rule 1.16 of the District of Columbia Rules Of Professional Conduct, requiring our withdrawal now. Hogan & Hartson disagrees with the litigation position taken by L-3 as recently as June 3, 2006, that "whatever Titan said before it was owned by Plaintiff [i.e., L-3] does not bind Plaintiff as to new conflicts against it." Brief of L-3 filed in United States Court of Federal Claims at 4, n. 6. That new position is not our understanding of the binding past agreements and in any event provides no basis on which our firm can continue to represent Titan.

We are prepared to work carefully with successor counsel to Titan to make sure that nothing falls between the cracks. In this regard, the only pressing matter of which I am aware is the July discrimination trial in Massachusetts. We believe Titan's local counsel in Boston can handle that matter without the participation of Hogan & Hartson litigators from our Virginia office.


BERLIN MUNICH BRUSSELS LONDON PARIS BUDAPEST PRAGUE WARSAW MOSCOW BEIJING SHANGHAI TOKYO
NEW YORK BALTIMORE McLEAN MIAMI DENVER BOULDER COLORADO SPRINGS LOS ANGELES

Titan's unapplied retainer, remaining from Titan's escrowed payment of September 2, 2004, slightly exceeds $50,000. Our accounting department has been instructed to issue Titan a check promptly as soon all Titan fees and charges incurred prior to June 1, 2006, have been collected and applied.

With best regards, I am

Sincerely yours,

Mark E. Mazo